# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

## No. ACM 40360

————————————

### UNITED STATES
*Appellee*

**v.**

### Matthew R. DENNEY
Master Sergeant (E-7), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary[1]

Decided 8 March 2024

————————————

*Military Judge*: Dayle P. Percle.

*Sentence*: Sentence adjudged 7 July 2022 by GCM convened at Shaw Air Force Base, South Carolina. Sentence entered by military judge on 22 August 2022: confinement for 12 months and reduction to E-4.

*For Appellant*: Major Matthew L. Blyth, USAF.

*For Appellee*: Colonel Steven R. Kaufman, USAF; Lieutenant Colonel J. Peter Ferrell, USAF; Major Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, DOUGLAS, and WARREN, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

[1] Appellant appeals his conviction under Article 66(b)(1)(A), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(b)(1)(A), *Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*), having been sentenced to more than six months' confinement.

PER CURIAM:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of distribution of child pornography in violation of Article 134, Uniform of Code Military Justice (UCMJ), 10 U.S.C. § 934.[2] After accepting Appellant's plea, the military judge sentenced Appellant to confinement for 12 months, reduction to the grade of E-4, and a reprimand. The convening authority disapproved the reprimand and, in accordance with the plea agreement, waived automatic forfeitures for six months.

Appellant raises one issue: whether as applied to this case, reference to 18 U.S.C. § 922 in the staff judge advocate's indorsement to the entry of judgment is unconstitutional because the Government cannot demonstrate that barring his possession of firearms is "consistent with the nation's historical tradition of firearm regulation"[3] when he stands convicted of distribution of child pornography. We have carefully considered this issue, and find no discussion or relief is warranted. *See United States v. Guinn*, 81 M.J. 195, 204 (C.A.A.F. 2021) (citing *United States v. Matias*, 25 M.J. 356 (C.M.A. 1987)).

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[2] All references to the UCMJ are to the 2019 *MCM*.

[3] Citing *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2130 (2022).